**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0722-21

OLUWABUNMI OJO,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF
LABOR AND WORKFORCE
DEVELOPMENT, and UNITED
AMERICAN SECURITY, LLC,

     Respondents.

_____

        Submitted October 6, 2022 – Decided October 28, 2022

        Before Judges Accurso and Firko.

        On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 240011.

        Oluwabunmi Ojo, appellant pro se.

        Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

PER CURIAM

Oluwabunmi Ojo appeals from the final decision of the Board of Review disqualifying him from receipt of unemployment compensation benefits pursuant to N.J.S.A. 43:21-5(a) because he left his job without good cause attributable to the work. We affirm.

Ojo worked as a security officer with United American Security, LLC from January 2020 until December 2020 when he left the company. At the hearing before the Appeal Tribunal in March 2021, he testified under oath he left work because of transportation problems, which he claimed he explained to his supervisor, but officially told the company he "couldn't continue to work anymore because of COVID." When the appeals examiner asked why he told the company he was leaving because of COVID, Ojo responded, "I just gave him an excuse. I didn't want them to think too much of why I left." He testified COVID "seemed like the easiest excuse to give to them."

Ojo testified he actually left because the job was forty-five minutes to an hour away from his home, and he didn't have a car. He'd used his sister's car to get to work, but when she moved he'd had to resort to Uber or Lyft. Ojo explained to the appeals examiner he'd done the "calculations on a daily basis" and to take an Uber to work "was $37.88 . . . just to go there, and to get back at

2

night was at least $48, which totaled out to be more than what I was receiving for the job on that day." He explained he'd tried to arrange working double shifts so he'd only have to go three times a week, but his supervisor couldn't accommodate him.

When the appeals examiner asked Ojo whether he would have stayed at the job if he'd been able to maintain "regular transportation," he replied, "Yes, . . . yeah, most definitely." When she asked if "anything specifically happen[ed] on the job that caused [him] to leave," Ojo replied the company "wasn't able to work with me with my hours."

Following the hearing, the appeals examiner issued a written opinion on behalf of the Appeal Tribunal finding Ojo disqualified for benefits. She explained that although Ojo's transportation problems were "a valid reason for leaving his job, lack of transportation is a personal reason and not connected to the work." Relying on well-established law, the examiner found "[a] claimant who leaves work for a personal reason, no matter how compelling, is subject to disqualification." See Self v. Bd. of Rev., 91 N.J. 453, 460 (1982) (holding "employees who leave work because of commuting problems are not entitled to unemployment compensation").

Ojo appealed to the Board of Review, arguing that although he'd lost "transportation by car," he was "still fully capable of going to work through Uber and Lyft." He claimed, however, "there were numerous occasions where [he] felt discrimination towards [him] from managers and staff . . . which was the MAIN reason as to why [he] no longer was willing to take 45 [minutes to] 1 hour Uber and Lyft [rides] to work."

The Board of Review found Ojo had been afforded "a full and impartial hearing" and "agree[d] with the decision reached" on "the basis of the record below." It rejected as "self-serving" Ojo's post-hearing contention that he left his job "due to adverse working conditions."

Ojo appeals, claiming his "undisputed testimony and written submission . . . indicated that he was subject to [a] discriminatory and unhealthy work environment, which later became unbearable." We cannot agree.

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390-91 (1983). "If the Board's factual findings are supported by 'sufficient credible evidence, [we] are obliged to accept them.'" Brady v. Bd.

of Rev., 152 N.J. 197, 210 (1997) (quoting Self, 91 N.J. at 459). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

Ojo misapprehends the evidence in the record. The record in this Board of Review matter consists only of the sworn testimony before the Appeal Tribunal. See J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 (2021) (explaining how appellate courts understand the record "created before the agency whose decision is on appeal"). Thus, the "undisputed testimony" is Ojo's testimony that he left work because he'd lost access to his sister's car and using Uber or Lyft to get to work cost more than he netted per shift. The appeals examiner asked Ojo whether he would have continued in the job if he'd been able to maintain regular transportation and whether anything specific had happened to cause him to leave. Ojo assured her, under oath, that he "most definitely" would have continued as a security officer at United American Security if it weren't for his transportation problems, and the only thing causing him to quit was his supervisor's inability to allow him to work fewer shifts of longer hours to accommodate his not having a car.

Ojo's claim to the Board of Review and this court that the real reason he left was the discrimination he felt from management and his co-workers is

5

unsworn argument, not evidence. There is no evidence in this record supporting Ojo's belated claim of discriminatory treatment. The undisputed evidence in the record is that Ojo left work because of his transportation problems. Because the law is well-settled that personal transportation problems preventing an employee from getting to work are considered voluntary, thus disqualifying the employee for unemployment benefits, N.J.A.C. 12:17-9.1(e), we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0722-21